IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JM4 TACTICAL, LLC and <br> JAMES CHADWICK MYERS, <br><br> *Plaintiffs,* <br><br> v. <br><br> DAMON ALBUS *dba* 5D, <br> *dba* 5D CUSTOM HATS & LEATHER, <br><br> *Defendant.* | § § § § § § § § § § § § § | Civil Action No. 1:22-CV-00021-H |

### DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT AND ORIGINAL COUNTERCLAIM

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, DAMON ALBUS, dba 5d, dba 5D Custom Hats & Leather, Defendant and files his answer to Plaintiffs' complaint and would respectfully show the Court the following:

### A. Responses to Numbered Paragraphs

1. Defendant is without sufficient knowledge or information to either admit or deny paragraph 1.

2. Admit.

3. Admit.

4. Admit.

5. Admit as to the U.S.C. and T.R.C.P. sections cited; denied as to the claims.

6. Admit.

7. Admit.

8. Defendant is without sufficient knowledge or information to either admit or deny paragraph 8.

9. Defendant is without sufficient knowledge or information to either admit or deny paragraph 9.

10. Defendant is without sufficient knowledge or information to either admit or deny paragraph 10.

11. Admit Plaintiff Myers engaged Defendant to manufacture gun holsters, otherwise denied.

12. Denied.

13. Admit as to Plaintiff terminating the business relationship; otherwise, denied.

14. Denied that it is a false narrative that Defendant invented/designed the final holster designs and denied that he has published any narrative whatsoever concerning these holsters and denied that he has claimed or published the Plaintiffs stole anything.

15. Admit Plaintiff Myers has sent threatening texts; otherwise, denied.

16. Defendant admits he did respond to Plaintiff Myers' threatening texts asserting he has done nothing wrong and does not think highly of the Plaintiff Myers.

17. Denied as to using the JM patent to manufacture or sell holsters and denies publishing any narrative, false or otherwise.

18. Denied.

19. Denied.

20. Denied as to Plaintiff's allegations. Otherwise, denied as previously stated.

21. Denied.

22. Denied.

23. Denied as to Plaintiff's allegations. Otherwise, denied as previously stated.

24. Denied as to publishing any such narrative and otherwise denied.

25. Denied as assumes such statements and otherwise denied.

26. Denied as to Plaintiff's allegations. Otherwise, denied as previously stated.

27. Denied as to publishing any such narrative and otherwise denied.

28. Denied as to publishing any such narrative and otherwise denied.

29. Denied as to Plaintiff's allegations.  Otherwise, denied as previously stated.

30. Denied.

31. Denied.

32. Denied as to use or disclosure.

33. Denied.

34. Denied.

35. Denied as to Plaintiff's allegations.  Otherwise, denied as previously stated.

36. Denied, but admit that Defendant designed such.

37. Denied.

38. It is unclear what is meant by "nonfunctional" in this setting; otherwise, denied.

39. Denied as all holsters are essentially similar in shape and configuration; otherwise, denied.

40. Denied as to Plaintiff's allegations.  Otherwise, denied as previously stated.

41. Denied as publishing any statement that Plaintiffs stole the design, but admit that Defendant designed such.

42. Denied that Defendant made such statements.

43. Denied.

44. Denied.

45. Denied as to Plaintiff's allegations.  Otherwise, denied as previously stated.

46. Denied.

47. Denied.

48. Denied.

<u>Prayer</u>  Denied as to Plaintiff's claims for relief.

B. Affirmative Defenses

Based upon the allegations contained in the Plaintiff's Original Complaint and the facts and applicable law known at this time, pursuant to Rule 8(c), Fed. R. Civ. Proc., Defendant pleads the following affirmative defenses as bars to Plaintiffs' claims and as grounds for dismissal of the lawsuit:

(1) *Fraud/Estoppel/Unclean Hands* – Plaintiff James Chadwick Myers has misrepresented the Defendant's role in the design process. The final designs were all due to manufacturing and design modification made by Defendant. At the least, Defendant is a co-inventor on these holsters. Plaintiffs did then pattern their existing product on the final designs made and manufactured by the Defendant. Plaintiff Myers entered into a binding contract with Defendant that Defendant would manufacture these holsters and Plaintiffs would market and sell the holsters. However, once Defendant altered the design so these various holsters at different sizes and uses would actually work, changed the leather to better protect the pistols' coating and secured the type magnets that would actually work, Plaintiffs took the original order of holsters to a different manufacturer in breach of the oral agreement. These additional holsters are being manufactured as Defendant had finalized the various designs. Accordingly, Plaintiffs are precluded from recovery in this case.

(2) *Waiver* – In addition to the fraud and breach of contract as set out above, the Plaintiffs have waived any right to complain of any possible infringement as there has been no assignment of any patents or technology by Defendant to Plaintiffs and the alleged non-disclosure agreement, such as it was, was made without full disclosure and knowledge in a true arms' length transaction and was predicated on the promise that Defendant would continue to manufacture these holsters, which did not happen. As such, Plaintiffs are precluded from asserting any claims of patent infringement of any other IP derivative claim against Defendant.

(3) *Limitations* – While Defendant does not believe he published any defamatory statements, to the extent any such statement was so published, it would have been done at least three (3) years ago. But, in no event has any such alleged publication taken place within a year of the suit being filed and as such, the applicable limitations period has run and Plaintiffs are barred from recovering under any claim of defamation, disparagement or slander.

C. Original Counter-Claim

Pleading further, now comes the Defendant complaining of Plaintiffs and would respectfully show as follows:

Pursuant to FRCP 13, this counter-claim is compulsory, in part, as it arises out of the same transaction or series of transactions. While working with Defendant and since, Plaintiff Myers has wrongly usurped Defendant's design changes, modifications and manufacturing such that Defendant should have been a co-inventor on any patent which encompasses the holsters being sold today. Further, Plaintiffs have breached their agreement with Defendant to continue the manufacturing of these holsters, causing loss of revenue and business opportunities damages within the jurisdictional limits of this Court.

1.Misappropriation of Design and Manufacturing Modifications and Improvements

Plaintiff Myers came to Defendant with an idea for a pistol holster using magnets - which is a fairly common method - to help secure the holster, but the basic design was flawed in a number of respects and was generic, not to a specific size pistol. Defendant then created a number of new patterns and designs for different size firearms and different types of carry. Defendant also changed the type of leather that Plaintiff had proposed and secured the proper type of industrial strength magnets necessary. Defendant used his design modifications, know how, manufacturing process and stitching to create eight (8) different holsters of varying sizes and carry specifics, based in part, on types of holsters desired by Plaintiffs. Fifty (50) of these holsters were produced by Defendant with the promise from Plaintiff that Defendant would be producing these holsters for Plaintiffs. However, Plaintiffs breached that promise,

took the newly designed holsters and have been re-producing these exact holsters ever since through a different manufacturer.

To the extent that any of these patents were in effect prior to the Defendant's work in 2016, then these holsters do not violate these patents since they were all modified from the basic design idea. To the extent that any patents were filed after the Defendant's design and manufacturing modifications, then Defendant should have been listed as a co-inventor and since no assignment was ever given by Defendant, Defendant owns the right to manufacture and produce these holsters as well as Plaintiffs.

The failure of Plaintiffs to name Defendant as a co-inventor is a violation of U.S. patent law. Further, Plaintiffs have economically benefited and been unjustly enriched from Defendant's design modifications for the past 5 years, without compensation or consideration for Defendant commiserate with Defendant's contribution, for which he now sues. Defendant has been damaged and is entitled to damages for the unjust enrichment of the Defendant or in the alternative, is entitled to a reasonable royalty. Defendant would further show that a reasonable amount of damages for these claims would be no less that one-third (1/3) of the net profit from Plaintiffs for the sale of these holsters from 2017 through trial.

### 2. Breach of Contract

Defendant designed and manufactured the first fifty (50) holsters for the total sum of $750.00. Defendant, just for manufacturing these holsters, would have normally charged $75.00 per holster plus a $100 rush and delivery fee. However, Defendant charged the reduced rate due to the agreement reached between Defendant to manufacture and Plaintiffs to market and sell these holsters going forward. What defendant now believes is that Plaintiff Myers likely fraudulently induced Defendant to design and manufacture these holsters, never intending to do further business with Defendant despite stating otherwise. If not, then Plaintiffs are guilty of a breach of the agreement to continue using Defendant to manufacture these holsters. Further, depending on the volume sold, which is unknown to Defendant at

this time, Defendant would have netted at least $40.00 per holster – again, depending on the volume. The fraudulent inducement damages are no less than $1600.00 and the breach of contract damages to be determined once the number of holsters sold per year is known.

### 3. Business Disparagement

Plaintiff Myers has disparaged the reputation and operation of Defendant to existing clients and potential clients.  Plaintiff Myers has disparaged the Defendant and specifically told several potential customers to not do business with the Defendant.  Plaintiff Myers' actions have caused special damages to Defendant for which Defendant now seeks recovery.

### 4. Attorneys' Fees

For some or all of the claims and defenses above, Defendant is entitled to his reasonable and necessary fees and expenses incurred in the prosecution and defense of these claims, for which he now sues.

WHEREFORE, Defendant prays and requests that upon final hearing, Plaintiffs take nothing by way of their claims against Defendant, that Defendant have and recover from Plaintiffs for the counter-claims asserted herein and the damages resulting therefrom, including reasonable and necessary attorneys' fees, expenses, costs of court and pre- and post-judgement interest as allowed by law.

Respectfully submitted,

By: /s/ Robert B. Wagstaff
Robert B. Wagstaff
State Bar No. 20665000
rwagstaff@mcmahonlawtx.com

McMAHON SUROVIK SUTTLE, P.C.
P.O. Box 3679
Abilene, Texas 79604
(325) 676-9183 Telephone
(325) 676-8836 Fax

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the above and foregoing instrument was filed electronically with the Court's electronic filing system on this 22nd day of April, 2022, in accordance with the Federal Rules of Civil Procedure and LR5.1 of the Northern District of Texas.

/s/ Robert B. Wagstaff
**Robert B. Wagstaff**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JM4 TACTICAL, LLC and<br>JAMES CHADWICK MYERS,<br><br>*Plaintiffs,*<br><br>v.<br><br>DAMON ALBUS *dba* 5D,<br>*dba* 5D CUSTOM HATS & LEATHER,<br><br>*Defendant.* | §§§§§§§§§§§§ | Civil Action No. 1:22-CV-00021-H |

## **AFFIDAVIT OF DAMON ALBUS**

STATE OF TEXAS         §

COUNTY OF TAYLOR   §

BEFORE ME, the undersigned authority, personally appeared Damon Albus, who, after being duly sworn upon his oath stated as follows:

"My name is Damon Albus. I am over the age of eighteen (18) years, have never been convicted of a crime, and I am otherwise qualified to make this affidavit. I am the Defendant in the above-styled cause and the owner of 5D Custom Hats & Leather and as such, I have personal knowledge of the following and it is true and correct.

I have read the facts and averments in *Defendant's Original Answer to Plaintiff's Original Complaint and Original Counterclaim* and they are true and correct."

Further Affiant Saith Not.

Damon Albus

SWORN TO AND SUBSCRIBED TO BEFORE me on this 21st day of April, 2022.



AMANDA LIVEZEY
Notary Public, State of Texas
NOTARY ID # 1024041-0
My Commission Exp 07-15-23

Notary Public, State of Texas